# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMUEL BANKMAN-FRIED, FTX TRADING LTD D/B/A FTX.COM, ALAMEDA RESEARCH LLC, CAROLINE ELLISON, and ZIXIAO "GARY" WANG,<br><br>　　　　　Defendants. | Case No. 1:22-cv-10503-PKC<br><br>Hon. Judge P. Kevin Castel |

**[*PROPOSED*] CONSENT ORDER OF JUDGMENT ON LIABILITY AGAINST DEFENDANT CAROLINE ELLISON**

### I.    INTRODUCTION

On December 21, 2022, Plaintiff Commodity Futures Trading Commission (the "Commission" or "CFTC") filed an Amended Complaint against Samuel Bankman-Fried, FTX Trading Ltd. d/b/a FTX.com, Alameda Research LLC, Caroline Ellison and Zixiao "Gary" Wang (collectively, "Defendants") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1–26 and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2021).

### II.    CONSENTS AND AGREEMENTS

To effect partial resolution of the matters alleged in the Amended Complaint against Defendant Caroline Ellison ("Ellison" or "Defendant") as to her liability on the charges in the Amended Complaint without a trial on the merits or any further judicial proceedings, Defendant:

1. Consents to the entry of this Consent Order of Judgment on Liability Against Ellison ("Consent Order");

1

2. Affirms that she has read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the CFTC or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Waives service of the summons and Amended Complaint;

4. Admits the jurisdiction of this Court over her and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5. Admits the jurisdiction of the CFTC over the conduct and transactions at issue in this action pursuant to the Act;

6. Admits that venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e);

7. Waives:

    (a) Any and all claims that she may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2021), relating to, or arising from, this action;

    (b) Any and all claims that she may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201–253, 110 Stat. 847, 857–74 (codified as amended at 28 U.S.C. § 2412 and in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this action;

    (c) Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

    (a) Any and all rights of appeal from this Consent Order;

8. Consents to the continued jurisdiction of this Court over her for the purpose of implementing and carrying out the terms and conditions of all orders and decrees, including orders setting the appropriate amounts of restitution, disgorgement and civil monetary penalty, that may

be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of the Court, to assure compliance with this Consent Order and for any other purpose relevant to this action, even if Defendant now or in the future resides outside the jurisdiction of this Court;

9. Agrees that she will not oppose enforcement of this Consent Order on the grounds, if any exist, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon;

10. Agrees that neither she nor any of her agents or employees under her authority or control shall: (i) take any action or make any public statement denying, directly or indirectly, any allegation in the Amended Complaint and/or this Consent Order; (ii) take any action or make any public statement creating or tending to create the impression that the Amended Complaint and/or this Consent Order is without a factual basis; or (iii) permit any public statement to the effect that Defendant does not admit the allegations of the Amended Complaint, or that this Consent Order contains no admissions of the allegations;  provided, however, that nothing in this provision shall affect her: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the CFTC is not a party.  Defendant further stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the Amended Complaint are true, and further, that any debt for restitution, disgorgement, prejudgment interests, civil monetary penalty or other amount ultimately ordered due by Defendant under any judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding is a debt for violation by Defendant of federal commodities laws.  Defendant shall comply with this agreement, and shall undertake all steps necessary to ensure that all of her agents or employees under her authority or control understand and comply with this agreement;

11. Agrees that in connection with any Commission motion for restitution, disgorgement and/or civil monetary penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that she did not violate the federal laws as alleged in the Complaint; (b) Defendant may not challenge the validity of her consents and agreements herein or this Consent Order; (c) solely for the purposes of such motion, the allegations of the Complaint and the Findings of Fact and Conclusions of Law in this Consent Order shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, witness testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

12. For purposes of the waiver of any and all rights under the Equal Access to Justice Act and the Small Business Regulatory Enforcement Fairness Act of 1996, specified in Paragraph 7, Defendant agrees that the Commission is the prevailing party in this action.

13. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendant in any other proceeding; and

14. Agrees that the issues of relief or remedies pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, are reserved for further determination by this Court separately, and upon motion of the Commission or by a proposed consent order.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The findings and conclusions in this Consent Order are not binding on any other party to this action. The Court finds:

15. This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1.

16. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because acts and practices in violation of the Act occurred within this District.

17. In *United States v. Caroline Ellison*, Crim. No. S2 22 Cr. 673 (RA) (S.D.N.Y. 2022) Defendant entered into a written agreement to plead guilty to criminal offenses including Conspiracy to Commit Commodities Fraud in violation of 7 U.S.C. §§ 9(1) and 13(a)(5); 18 U.S.C. § 371; and 17 C.F.R. § 180.1, and in connection with that plea, made certain admissions.

18. Defendant Ellison violated Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) and Regulation 180.1(a)(1), (3), 17 C.F.R. § 180.1(a)(1), (3) (2021) by intentionally or recklessly, in connection with any swap, or contract of sale of any commodity in interstate commerce, or contract for future delivery on or subject to the rules of any registered entity, directly or indirectly: using or employing, or attempting to use or employ, a scheme or artifice to defraud; and/or engaged in, or attempted to engage in, acts, practices, or a course of business that operated or would operate as a fraud or deceit on any person. Defendant Ellison is therefore liable on Count I of the CFTC's Amended Complaint.

19. Defendant Ellison violated Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) and Regulation 180.1(a)(2), 17 C.F.R. § 180.1(a)(2) (2021), by intentionally or recklessly, in connection with any swap, or contract of sale of any commodity in interstate commerce, or contract for future delivery on or subject to the rules of any registered entity, directly or indirectly making untrue or misleading statements of material fact, or omitting material facts necessary to make other affirmative statements made not untrue or misleading. Defendant Ellison is therefore liable on Count II of the CFTC's Amended Complaint.

## IV.   PERMANENT INJUNCTION

20. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendant Ellison is permanently restrained, enjoined and prohibited from directly or indirectly:

   a. in connection with any swap, contract of sale of any commodity in interstate commerce, or contract for future delivery on or subject to the rules of any registered entity, using or employing, or attempting to use or employ, a scheme or artifice to defraud; and/or engaging in, or attempting to engage in, acts, practices, or a course of business that operates or would operate as a fraud or deceit upon any person, in violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) and Regulation 180.1(a)(1), (3), 17 C.F.R. 180.1(a)(1), (3) (2021);

   b. intentionally or recklessly, in connection with any swap, contract of sale of any commodity in interstate commerce, or contract for future delivery on or subject to the rules of any registered entity, directly or indirectly making untrue or misleading statements of material fact, or omitting material facts necessary to make other affirmative statements made not untrue or misleading in violation of 6(c)(1) of the Act, 7 U.S.C. § 9(1) and Regulation 180.1(a)(2), 17 C.F.R. § 180.1(a)(2) (2021);

21. Defendant is also permanently restrained, enjoined and prohibited from directly or indirectly:

   a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a(40));

   b. entering into any transactions involving "commodity interests" (as that term is defined in Commission Regulation 1.3, 17 C.F.R. § 1.3 (2021)), for Defendant's own accounts or for any account in which they have a direct or indirect interest;

6

    c.  having any commodity interests, as that term is described herein, traded on Defendants' behalf;

    d.  controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests, as that term is described herein, and/or digital asset commodities;

    e.  soliciting, receiving, or accepting any funds or assets from any person for the purpose of purchasing or selling any commodity interests, as that term is described herein, and/or digital asset commodities;

    f.  applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2021);

    g.  acting as a principal (as that term is defined in Commission Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2021)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9).

## V. MISCELLANEOUS PROVISIONS

22.    The Court reserves the determination of further appropriate relief.

23.    The injunctive and equitable relief provisions of this Consent Order shall be binding upon the following persons who receive actual notice of this Consent Order, by personal service or otherwise: (1) Defendant; (2) any officer, agent, servant, employee, or attorney of the Defendant; and (3) any other persons who are in active concert or participation with any persons described in subsections (1) and (2) above.

24. This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

25. Defendant understands that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings, she may not challenge the validity of this Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this *Consent Order of Judgement Against Defendant Caroline Ellison as to Liability on Counts I and II of the CFTC's Amended Complaint.*

**IT IS SO ORDERED** on this _____ day of _____, 2022.

_____
**UNITED STATES DISTRICT JUDGE**

**CONSENTED TO AND APPROVED BY:**

Caroline Ellison

*Caroline Ellison*
_____
Caroline Ellison

Date: 12/20/2022
_____

**APPROVED AS TO FORM:**

*Stephanie Avakian*
_____
Stephanie Avakian

Date: 12/21/2022
_____

Stephanie Avakian
WilmerHale LLP
1875 Pennsylvania Avenue NW
Washington DC 20006
202-663-6471
*Stephanie.Avakian@wilmerhale.com*

Anjan Sahni
Peter Neiman
WilmerHale LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
212-230-8800
*Anjan.Sahni@wilmerhale.com*
*Peter.Neiman@wilmerhale.com*

*Attorneys for Defendant Ellison*

Commodity Futures Trading Commission:

NINA RUVINSKY
Digitally signed by NINA RUVINSKY
Date: 2022.12.21 08:20:14 -06'00'
_____
Nina Ruvinsky

Date: _____

Nina Ruvinsky
Carlin Metzger
Elizabeth N. Pendleton
Robert T. Howell (*pro hac vice forthcoming*)

Ralph Metcalfe Federal Office Building
77 W. Jackson, Suite 800
Chicago, Illinois 60604
(312) 596-0700
(312) 596-0714 (fax)
*nruvinsky@cftc.gov*
*cmetzger@cftc.gov*
*ependleton@cftc.gov*
*rhowell@cftc.gov*

*Attorneys for Commodity Futures Trading Commission*