UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> SAMUEL BANKMAN-FRIED, FTX TRADING LTD D/B/A FTX.COM, ALAMEDA RESEARCH LLC, CAROLINE ELLISON, and ZIXIAO "GARY" WANG <br><br> Defendants. | Case No. 1:22-cv-10503-PKC <br><br> Hon. Judge P. Kevin Castel |

## [PROPOSED] CONSENT ORDER OF JUDGMENT ON LIABILITY AGAINST DEFENDANT ZIXIAO "GARY" WANG

### I. INTRODUCTION

On December 21, 2022, Plaintiff Commodity Futures Trading Commission (the "Commission" or "CFTC") filed an Amended Complaint against Samuel Bankman-Fried, FTX Trading Ltd. d/b/a FTX.com, Alameda Research LLC, Caroline Ellison and Zixiao "Gary" Wang (collectively, "Defendants") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1–26 and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2021).

### II. CONSENTS AND AGREEMENTS

To effect partial resolution of the matters alleged in the Amended Complaint against Defendant Zixiao "Gary" Wang ("Wang" or "Defendant") as to his liability on the charges in the Amended Complaint without a trial on the merits or any further judicial proceedings, Defendant:

1.  Consents to the entry of this Consent Order of Judgment on Liability Against Wang ("Consent Order");

2.  Affirms that he has read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the CFTC or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order;

3.  Waives service of the summons and Amended Complaint;

4.  Admits the jurisdiction of this Court over him and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5.  Admits the jurisdiction of the CFTC over the conduct and transactions at issue in this action pursuant to the Act;

6.  Admits that venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e);

7.  Waives:

    (a) Any and all claims that he may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2021), relating to, or arising from, this action;

    (b) Any and all claims that he may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201–253, 110 Stat. 847, 857–74 (codified as amended at 28 U.S.C. § 2412 and in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this action;

    (c) Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

    (a) Any and all rights of appeal from this Consent Order;

8. Consents to the continued jurisdiction of this Court over him for the purpose of implementing and carrying out the terms and conditions of all orders and decrees, including orders setting the appropriate amounts of restitution, disgorgement and civil monetary penalty, as well as any further injunctive remedies that may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of the Court, to assure compliance with this Consent Order and for any other purpose relevant to this action, even if Defendant now or in the future resides outside the jurisdiction of this Court;

9. Agrees that he will not oppose enforcement of this Consent Order on the grounds, if any exist, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon;

10. Agrees that neither he nor any of his agents or employees under his authority or control shall: (i) take any action or make any public statement denying, directly or indirectly, any allegation in the Amended Complaint and/or this Consent Order; (ii) take any action or make any public statement creating or tending to create the impression that the Amended Complaint and/or this Consent Order is without a factual basis; or (iii) permit any public statement to the effect that Defendant does not admit the allegations of the Amended Complaint, or that this Consent Order contains no admissions of the allegations; provided, however, that nothing in this provision shall affect his: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the CFTC is not a party. Defendant further stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the Amended Complaint are true, and further, that any debt for restitution, disgorgement, prejudgment interests, civil monetary penalty or other amount ultimately ordered due by Defendant under any judgment, order, consent order, decree or settlement agreement entered in connection with this

proceeding is a debt for violation by Defendant of federal commodities laws. Defendant shall comply with this agreement, and shall undertake all steps necessary to ensure that all of his agents or employees under his authority or control understand and comply with this agreement;

11. Agrees that in connection with any Commission motion for restitution, disgorgement and/or civil monetary penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal laws as alleged in the Complaint; (b) Defendant may not challenge the validity of his consents and agreements herein or this Consent Order; (c) solely for the purposes of such motion, the allegations of the Complaint and the Findings of Fact and Conclusions of Law in this Consent Order shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, witness testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

12. For purposes of the waiver of any and all rights under the Equal Access to Justice Act and the Small Business Regulatory Enforcement Fairness Act of 1996, specified in Paragraph 7, Defendant agrees that the Commission is the prevailing party in this action.

13. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendant in any other proceeding; and

14. Agrees that the issues of relief or remedies pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, are reserved for further determination by this Court separately, and upon motion of the Commission or by a proposed consent order.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The findings and conclusions in this Consent Order are not binding on any other party to this action. The Court finds:

15. This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1.

16. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because acts and practices in violation of the Act occurred within this District.

17. In *United States v. Zixiao Wang*, Crim. No. S1 22 Cr. 673 (RA) (S.D.N.Y. 2022), Defendant entered into a written agreement to plead guilty to criminal offenses including Conspiracy to Commit Commodities Fraud in violation of 7 U.S.C. §§ 9(1) and 13(a)(5); 18 U.S.C. § 371; and 17 C.F.R. § 180.1, and in connection with that plea, made certain admissions.

18. Defendant Wang violated Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) and Regulation 180.1(a)(1), (3), 17 C.F.R. § 180.1(a)(1),(3) (2021) by intentionally or recklessly, in connection with any swap, or contract of sale of any commodity in interstate commerce, or contract for future delivery on or subject to the rules of any registered entity, directly or indirectly: using or employing, or attempting to use or employ, a scheme or artifice to defraud; and/or engaged in, or attempted to engage in, acts, practices, or a course of business that operated or would operate as a fraud or deceit on any person. Defendant Wang is therefore liable on Count I of the CFTC's Amended Complaint.

## IV. PERMANENT INJUNCTION

19. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendant Wang is permanently restrained, enjoined and prohibited from, directly or indirectly in connection with any swap, contract of sale of any commodity in

5

interstate commerce, or contract for future delivery on or subject to the rules of any registered entity, using or employing, or attempting to use or employ, a scheme or artifice to defraud; and/or engaging in, or attempting to engage in, acts, practices, or a course of business that operates or would operate as a fraud or deceit upon any person, in violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) and Regulation 180.1(a)(1), (3), 17 C.F.R. 180.1(a)(1), (3) (2021).

## V.    MISCELLANEOUS PROVISIONS

20.    The Court reserves the determination of further appropriate relief.

21.    The injunctive and equitable relief provisions of this Consent Order shall be binding upon the following persons who receive actual notice of this Consent Order, by personal service or otherwise: (1) Defendant; (2) any officer, agent, servant, employee, or attorney of the Defendant; and (3) any other persons who are in active concert or participation with any persons described in subsections (1) and (2) above.

19.    This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

20.    Defendant understands that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings, he may not challenge the validity of this Consent Order.

6

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this *Consent Order of Judgement Against Defendant Zixiao Wang as to Liability on Count I of the CFTC's Amended Complaint.*

**IT IS SO ORDERED** on this 23rd day of December, 2022.

_____
UNITED STATES DISTRICT JUDGE

**CONSENTED TO AND APPROVED BY:**

**Zixiao "Gary" Wang**

_____
Zixiao "Gary" Wang

Date: 12/20/2022

**APPROVED AS TO FORM:**

_____
Ilan T. Graff

Date: December 20, 2022

_____

Ilan T. Graff
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8931
Ilan.Graff@friedfrank.com

*Attorney for Defendant Zixiao "Gary" Wang*

**Commodity Futures Trading Commission:**

NINA RUVINSKY
Digitally signed by NINA RUVINSKY
Date: 2022.12.21 08:47:57 -06'00'

_____
Nina Ruvinsky

Date: _____

Nina Ruvinsky
Carlin Metzger
Elizabeth N. Pendleton
Robert T. Howell (*pro hac vice forthcoming*)

Ralph Metcalfe Federal Office Building
77 W. Jackson, Suite 800
Chicago, Illinois 60604
(312) 596-0700
(312) 596-0714 (fax)
nruvinsky@cftc.gov
cmetzger@cftc.gov
ependleton@cftc.gov
rhowell@cftc.gov

*Attorneys for Commodity Futures Trading Commission*

7