**UNITED STATES**
**COMMODITY FUTURES TRADING COMMISSION**
**Eastern Region**
290 Broadway, 6th Floor
New York, NY 10007

August 17, 2026

**Via CM/ECF**
The Honorable P. Kevin Castel
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 11D
New York, NY 10007

**Re: *CFTC v. Ellison and Wang, et al.*, No. 22-cv-10503-PKC**

Dear Judge Castel:

Plaintiff Commodity Futures Trading Commission ("Plaintiff") respectfully requests that the Court enter the proposed *Supplemental Consent Order Against Caroline Ellison* ("Ellison Supplemental Consent Order") (ECF No. 55) and *Supplemental Consent Order Against Gary Wang* ("Wang Supplemental Consent Order") (ECF No. 56). The proposed Supplemental Consent Orders have been approved by the Commission and have been fully executed by the parties and respective counsel. Defendants' Counsel have authorized Plaintiff to state that Defendants consent to Plaintiff's request. If entered by the Court, the proposed Supplemental Consent Orders will resolve the Commission's claims against these Defendants.[1] There are no future conferences currently scheduled before the Court.

The Commission filed this action on December 13, 2022, and filed an Amended Complaint, including claims against Ellison and Wang, on December 21, 2022. On December 23, 2022, the Court entered Consent Orders of Judgment on Liability Against both Wang and Ellison. ECF Nos. 25, 26. The Court found that Ellison violated Section 6(c)(1) of the Commodity Exchange Act, 7 U.S.C. § 9(1), and Regulation 180.1(a)(1), (2), and (3), 17 C.F.R. § 180.1(a)(1), (2), and (3), and was therefore liable on Counts I and II of the Amended Complaint. (¶¶ 18-19). The Court also permanently enjoined Ellison from further violations of the relevant Commodity Exchange Act provisions and Regulations, and imposed permanent trading and registration bans. (¶¶ 20-21). Similarly, the Court found that Wang violated Section 6(c)(1) of the Commodity Exchange Act, 7 U.S.C. § 9(1), and Regulation 180.1(a)(1), (3), 17 C.F.R. § 180.1(a)(1), (3), and was therefore liable on Count I of the Amended Complaint. (¶ 18).

---

[1] The Commission resolved its claims against FTX Trading LTD d/b/a FTX.com and Alameda Research LLC by Consent Order. ECF No. 44. If the proposed Supplemental Consent Orders against Ellison and Wang are entered by the Court, the sole remaining defendant in this action will be Samuel Bankman-Fried. The Commission's action against Mr. Bankman-Fried remains stayed until the conclusion of his parallel criminal case. On June 12, 2026, the Second Circuit Court of Appeals affirmed Mr. Bankman-Fried's conviction. *United States v. Bankman-Fried*, No. 24-961-cr, 2026 WL 1725419 (2d Cir. June 12, 2026).

The Court also permanently enjoined Wang from further violations of the relevant Commodity Exchange Act provisions and Regulations. (¶ 19). Both consent orders reserved the determination of further appropriate relief. ECF No. 25, ¶ 20; ECF No. 26, ¶ 22.

On February 7, 2023, the U.S. Attorney's Office for the Southern District of New York moved to stay this case until the conclusion of the parallel criminal case, *United States v. Samuel Bankman-Fried*, 22 Cr. 673 (LAK). ECF No. 32. On February 13, 2023, the Court granted the Stay, without prejudice to the right of any party to move to dissolve the stay. ECF No. 38.

The Division has since conferred with counsel for Ellison and Wang and resolved all outstanding claims against them through the proposed Supplemental Consent Orders, which, respectively:

- Acknowledge that the Commission is not seeking, and the Court is not imposing, restitution, disgorgement, and/or civil monetary penalties at this time, based upon: (i) Defendants' cooperation in a Commission investigation and related proceedings, and (ii) in consideration of the judgments entered in the parallel criminal action. ECF No. 55, ¶ 13; ECF No. 56, ¶ 13.

- Obligate Defendants to continue to cooperate fully and expeditiously with the Commission, including to testify as needed in the CFTC's continuing litigation against Samuel Bankman-Fried, *CFTC v. Bankman-Fried*, 22-cv-10503-PKC (S.D.N.Y. filed Dec. 13, 2022), among other obligations. ECF No. 55, ¶ 13(a); ECF No. 56, ¶ 13(a). Further, if the Commission obtains information indicating that either Defendant violated the terms of his or her Cooperation Agreement, or knowingly provided materially false or misleading information or materials to the Commission, the Commission may move this Court to reopen his or her case and seek further relief or remedies, including an order directing that Defendant pay restitution, disgorgement, and/or civil monetary penalties. ECF No. 55, ¶ 13(b); ECF No. 56, ¶ 13(b).

- Modify the length of Ellison's existing permanent trading and registration injunctions to five-year trading and ten-year registration bans, and impose a five-year trading and eight-year registration ban on Wang. ECF No. 55, ¶ 15; ECF No. 56, ¶ 15.

The Commission respectfully submits that the Court should approve the proposed Supplemental Consent Orders. *See SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294–95 (2d Cir. 2014) (citation omitted) (recognizing a "strong federal policy favoring the approval and enforcement of consent decrees," and setting out four-factor standard for reviewing proposed consent judgments in government enforcement actions); *CFTC v. Deutsche Bank AG*, No. 16-cv-6544, 2016 WL 6135664, at *2 (S.D.N.Y. Oct. 20, 2016) (applying *Citigroup* standard in reviewing proposed CFTC consent order). Under the circumstances of this matter and Defendants' overall roles alleged in the Complaint, the proposed orders are fair and reasonable and do not disserve the public interest.

*First*, the orders are legal and consistent with the Commodity Exchange Act ("Act"). *See* 7 U.S.C. § 13a-1(a), (b) (expressly authorizing the CFTC to "bring an action in the proper district court of the United States . . . to enjoin [an] act or practice [constituting a violation of the Act or any rule,

regulation, or order thereunder], or to enforce compliance with this chapter, or any rule, regulation or order thereunder," and providing that "[u]pon a proper showing, a permanent or temporary injunction or restraining order shall be granted without bond.").

*Second*, the terms of the proposed orders, including the enforcement mechanism, are clear. The orders impose time-limited trading and registration bans on Defendants dated from the date of entry of the Initial Consent Orders (December 23, 2022). ECF No. 55, ¶ 15; ECF No. 56, ¶ 15. The orders also contain clear enforcement mechanisms. *See, e.g.*, ECF No. 55, ¶ 8 ("[Defendant] [c]onsents to the continued jurisdiction of this Court over [him/her] for the purpose of enforcing the terms and conditions of the Initial Consent Order and Supplemental Consent Order …"); ECF No. 56, ¶ 8 (same). *See also* ECF No. 55, ¶ 22 (providing that terms of the Supplemental Consent Order "are enforceable through contempt proceedings"); ECF No. 56, ¶ 22 (same).

*Third*, the proposed orders incorporate the Findings of Facts and Conclusions of Law contained in the Initial Consent Orders, which resolved the actual claims in the complaint. *See* ECF No. 55, ¶ 12; ECF No. 56, ¶ 12. *Fourth*, there is no basis in the record for concluding that the proposed orders are tainted by improper collusion or corruption of some kind.

Finally, "the public interest would not be disserved" by entry of the proposed orders. 752 F.3d at 294. The proposed orders impose appropriate injunctive relief, including trading and registration bans, while also recognizing the value of Defendants' cooperation in a Commission investigation and related proceedings, including a parallel criminal action. *See* ECF No. 55, ¶ 15; ECF No. 56, ¶ 15. Defendants have also agreed to cooperate in the Commission's continuing litigation against Samuel Bankman-Fried, *CFTC v. Bankman-Fried*, 22-cv-10503-PKC (S.D.N.Y. filed Dec. 13, 2022), among other obligations. ECF No. 55, ¶ 13(a); ECF No. 56, ¶ 13(a). Furthermore, Defendants have already pled guilty and been sentenced in a parallel criminal action. ECF No. 55, ¶ 13; ECF No. 56, ¶ 13. In addition, the proposed orders expressly provide that that they "shall [not] in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendant in any other proceeding." ECF No. 55, ¶ 11; ECF No. 56, ¶ 11. Accordingly, these orders fairly and reasonably resolve the claims against Defendants while conserving Plaintiff's limited resources. *See* 752 F.3d at 295; *see also id*. at 296 ("The job of determining whether the proposed [] consent decree best serves the public interest, however, rests squarely with the [federal government], and its decision merits significant deference[.]").

Accordingly, Plaintiff respectfully requests that the Court enter the proposed Supplemental Consent Orders (ECF Nos. 55 and 56).

Respectfully Submitted,

*/s/ Benjamin J. Rankin*

Benjamin J. Rankin
Trial Attorney
Commodity Futures Trading Commission
290 Broadway, 6th Floor
New York, NY 10007
646-746-9700
*brankin@cftc.gov*

cc: Anjan Sahni, Esq. (by ECF)
Peter Neiman, Esq. (by ECF)
Nicholas Werle, Esq. (by ECF)
Ilan T. Graff, Esq. (by ECF)