Case 1:22-cv-10503-PKC Document 55 Filed 08/17/26 Page 1 of 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

SAMUEL BANKMAN-FRIED, FTX TRADING LTD D/B/A FTX.COM, ALAMEDA RESEARCH LLC, CAROLINE ELLISON, and ZIXIAO "GARY" WANG,

Defendants.

Case No. 22-CV-10503-PKC

**[~~PROPOSED~~] SUPPLEMENTAL CONSENT ORDER AGAINST CAROLINE ELLISON**

## I. INTRODUCTION

On December 21, 2022, Plaintiff Commodity Futures Trading Commission (the "Commission" or "CFTC") filed an Amended Complaint against Samuel Bankman-Fried, FTX Trading Ltd. d/b/a FTX.com, Alameda Research LLC, Caroline Ellison, and Zixiao "Gary" Wang (collectively, "Defendants") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1–26 and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2022). The Court entered a Consent Order of Judgment On Liability Against Defendant Caroline Ellison ("Ellison" or "Defendant") (ECF No. 26) ("Initial Consent Order") on December 23, 2022, which, *inter alia*, reserved the determination of further appropriate relief or remedies pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, including restitution, disgorgement, and a civil monetary penalty. (Initial Consent Order at ¶¶ 14, 22).

## II. CONSENTS AND AGREEMENTS

To resolve the remaining issues of further appropriate relief or remedies, including the amounts of restitution, disgorgement, and civil monetary penalty (as provided in the Initial Consent Order), without any further judicial proceedings, Defendant:

1. Consents to the entry of this Supplemental Consent Order Against Caroline Ellison ("Supplemental Consent Order");

2. Affirms that she has read and agreed to this Supplemental Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the CFTC or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Supplemental Consent Order;

3. Waives service of the summons and Complaint;

4. Admits the jurisdiction of this Court over her and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5. Admits the jurisdiction of the CFTC over the conduct and transactions at issue in this action pursuant to the Act;

6. Admits that venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e);

7. Waives:

(a) Any and all claims that she may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2025), relating to, or arising from, this action;

(b) Any and all claims that she may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201–253, 110 Stat. 847, 857–74, (codified as amended at 28 U.S.C. § 2412 and in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this action;

Case 1:22-cv-10503-PKC Document 55 Filed 08/17/26 Page 3 of 9

(c) Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Supplemental Consent Order; and

(d) Any and all rights of appeal from this Supplemental Consent Order;

8. Consents to the continued jurisdiction of this Court over her for the purpose of enforcing the terms and conditions of the Initial Consent Order and Supplemental Consent Order and for any other purpose relevant to this action even if Defendant now or in the future resides outside the jurisdiction of this Court;

9. Agrees that she will not oppose enforcement of this Supplemental Consent Order on the grounds, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waives any objection based thereon;

10. Agrees for purposes of the waiver of any and all rights under the Equal Access to Justice Act and the Small Business Regulatory Enforcement Fairness Act of 1996, specified in Paragraph 7, that the Commission is the prevailing party in this action; and

11. Agrees that no provision of this Supplemental Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendant in any other proceeding.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

12. The Findings of Fact and Conclusions of Law contained in the Initial Consent Order are incorporated herein by reference and given preclusive effect as provided in the Initial Consent Order.

## IV. MONETARY SANCTIONS

13. Defendant acknowledges that the Commission is not seeking, and the Court is not imposing, restitution, disgorgement, and/or a civil monetary penalty at this time, based upon: (i) Defendant's cooperation in a Commission investigation and related proceedings, including the

Case 1:22-cv-10503-PKC Document 55 Filed 08/17/26 Page 4 of 9

parallel criminal action, *United States v. Ellison*, Crim. No. 22-cr-673 (S.D.N.Y. 2022), and (ii) in consideration of the judgment entered in the parallel criminal action (ECF No. 520), in which Defendant was sentenced to 24 months imprisonment and three years supervised release, and was subject to, *inter alia*, a $11,020,000,000 forfeiture order, for which Defendant was jointly and severally liable, as reflected in a Consent Preliminary Order of Forfeiture and a Final Order of Forfeiture in the parallel criminal action (ECF Nos. 510, 566), and (iii) further subject to the following conditions:

(a) Continuing Cooperation with the Commission: Defendant shall continue to cooperate fully and expeditiously with the CFTC pursuant to the terms of her Cooperation Agreement with the Division of Enforcement, executed December 20, 2022 ("Cooperation Agreement"). As part of such cooperation and without limitation, Defendant agrees to prepare and appear for testimony, as requested by the Division's staff, in the CFTC's continuing litigation against Samuel Bankman-Fried, *CFTC v. Bankman-Fried*, 22-cv-10503-PKC (S.D.N.Y.).

(b) If at any time following the entry of this Supplemental Consent Order, the Commission obtains information indicating that Defendant: (i) knowingly provided materially false or misleading information or materials to the Commission in the investigation, this proceeding or in a related proceeding; or (ii) violated the terms of her Cooperation Agreement—including her commitment to continue to cooperate—the Commission may, at its sole discretion and without prior notice to Defendant, move this Court to reopen this case and seek further relief or remedies, including an order directing

Case 1:22-cv-10503-PKC Document 55 Filed 08/17/26 Page 5 of 9

that Defendant pay restitution, disgorgement, and/or a civil monetary penalty.

14. Defendant agrees that in connection with any Commission motion seeking further relief or remedies including but not limited to restitution, disgorgement, and/or a civil monetary penalty, and at any hearing held on such a motion, Defendant may contest by way of defense whether she knowingly provided materially false and misleading information or violated the terms of her Cooperation Agreement with the Division of Enforcement; however: (a) Defendant will be precluded from arguing that she did not violate the federal laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the consents and agreements herein, or the validity of the Initial Consent Order or Supplemental Consent Order; (c) solely for the purposes of such motion, the allegations of the Complaint and the Findings of Fact and Conclusions of Law in the Initial Consent Order shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, witness testimony, and/or documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

## V. INJUNCTION

15. Paragraph 21 of the Initial Consent Order is hereby superseded and replaced with the following provisions:

Defendant is also restrained, enjoined and prohibited, for a period of five years from the date of entry of the Initial Consent Order, from directly or indirectly:

a. trading on or subject to the rules of any registered entity (as that term is defined in Section la of the Act, 7 U.S.C. § la(40));

Case 1:22-cv-10503-PKC Document 55 Filed 08/17/26 Page 6 of 9

b. entering into any transactions involving "commodity interests" (as that term is defined in Commission Regulation 1.3, 17 C.F.R. § 1.3 (2022)), for Defendant's own accounts or for any account in which Defendant has a direct or indirect interest;

c. having any commodity interests, as that term is described herein, traded on Defendant's behalf;

d. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests, as that term is described herein, and/or digital asset commodities; and

e. soliciting, receiving, or accepting any funds or assets from any person for the purpose of purchasing or selling any commodity interests, as that term is described herein, and/or digital asset commodities.

Defendant is also restrained, enjoined and prohibited, for a period of ten years from the date of entry of the Initial Consent Order, from directly or indirectly:

f. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2022); and

g. acting as a principal (as that term is defined in Commission Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2022)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9).

Case 1:22-cv-10503-PKC Document 55 Filed 08/17/26 Page 7 of 9

## VI. MISCELLANEOUS PROVISIONS

16. The injunctive and equitable relief provisions of this Supplemental Consent Order shall be binding upon the following persons who receive actual notice of this Supplemental Consent Order, by personal service or otherwise: (1) Defendant; (2) any officer, agent, servant, employee, or attorney of the Defendant; and (3) any other persons who are in active concert or participation with any persons described in subsections (1) and (2) above.

17. Entire Agreement and Amendments: This Supplemental Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Supplemental Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

18. Invalidation: If any provision of this Supplemental Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Supplemental Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

19. Waiver: The failure of any party to this Supplemental Consent Order or of any customer at any time to require performance of any provision of this Supplemental Consent Order shall in no manner affect the right of the party or customer at a later time to enforce the same or any other provision of this Supplemental Consent Order. No waiver in one or more instances of the breach of any provision contained in this Supplemental Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Supplemental Consent Order.

Case 1:22-cv-10503-PKC Document 55 Filed 08/17/26 Page 8 of 9

20. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to ensure compliance with this Supplemental Consent Order and for all other purposes related to this action, including any motion by Defendant to modify or for relief from the terms of this Supplemental Consent Order.

21. This Supplemental Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Supplemental Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Supplemental Consent Order.

22. Defendant understands that the terms of the Supplemental Consent Order, except with respect to disgorgement, are enforceable through contempt proceedings, and that in any such proceedings she may not challenge the validity of this Supplemental Consent Order.

23. Defendant shall comply with all of the undertakings and agreements set forth in this Supplemental Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this *Supplemental Consent Order Against Caroline Ellison.*

**IT IS SO ORDERED** on this 18th day of August, 2026.

[signature]

**UNITED STATES DISTRICT JUDGE**

Case 1:22-cv-10503-PKC Document 55 Filed 08/17/26 Page 9 of 9

**CONSENTED TO AND APPROVED BY:**

**Caroline Ellison**

Date: 8/13/26

Approved as to form:

Attorneys for Ellison

Anjan Sahni
Peter Neiman
Nicholas Werle
WilmerHale LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212-230-8800
*Anjan.Sahni@wilmerhale.com*
*Peter.Neiman@wilmerhale.com*
*Nick.Werle@wilmerhale.com*

Benjamin J. Rankin, Trial Attorney
Patryk J. Chudy, Associate Director
Lenel Hickson, Jr., Investigative Counsel

Date: 8/14/26

**COMMODITY FUTURES TRADING COMMISSION**
Division of Enforcement
Ted Weiss Federal Office Building
290 Broadway, 6th Floor
New York, NY 10007
646-746-9700
*brankin@cftc.gov*
*pchudy@cftc.gov*
*lhickson@cftc.gov*